Case 04-25642   Filed 06/08/05   Doc 81
POSTED ON WEB SITE

FILED

JUN - 8 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 04-25642-B-13J
                                      )
JEROME JACKSON,                       ) Docket Control No. ARP-1
                                      )
                                      ) Date: June 7, 2005
                 Debtor(s).           ) Time: 1:30 p.m.
                                      ) Department B

## MEMORANDUM DECISION

The Debtor filed a voluntary chapter 7 case on June 1, 2004. Frederick Lucksinger (the "Former Trustee") was appointed as the chapter 7 trustee herein and served as such until the Debtor converted the case to chapter 13 on March 28, 2005. The Former Trustee seeks approval of an administrative claim for his fees. He also seeks approval of the fees incurred by Hughes & Pritchard, LLP, ("Counsel"), which was approved as special counsel to the Former Trustee on September 3, 2004. The Debtor objects to the Former Trustee's motion.

After this case was filed, the Debtor apparently transferred his real property to his sister Lindell Slaughter. After discovery of this transfer, the Former Trustee filed an adversary proceeding with the assistance of Counsel to avoid this transfer. Shortly thereafter, the Debtor converted his case to chapter 13.

The Debtor's objection to the Former Trustee's motion is based on the following grounds: 1) the Former Trustee's fees exceed the statutory cap set forth in 11 U.S.C. § 326(a); 2) the Former Trustee and Counsel should not be compensated for time spent on this case following its conversion to chapter 13; 3) the Former Trustee has not documented the amount of time spent on this case;

and 4) the Former Trustee's billing rate is not reasonable. Each objection is discussed below.

Statutory Cap

This court adheres to the decision of In re Hages, 252 B.R. 789 (Bankr. N.D.Cal. 2000), which provides that the potential distributions by the chapter 13 trustee in a converted case may be imputed to the former chapter 7 trustee in order to calculate the statutory cap imposed by section 326(a). Id. at 793-94. At the hearing, the Debtor conceded that the Former Trustee's fees do not exceed the statutory cap, calculated on this basis.

Post-conversion Fees

Following receipt of the Debtor's opposition, the Former Trustee agreed not to seek post-conversion fees for either himself or Counsel.

Documentation for the Former Trustee's Fees

The Former Trustee provided contemporaneous time records for time spent on this case. These time records provide sufficient detail to scrutinize the activities undertaken by the Former Trustee. In light of the unauthorized post-petition transfer by the Debtor, the amount of time spent by the Former Trustee is entirely reasonable.

Former Trustee's Hourly Rate

The Former Trustee bills at an hourly rate of $250.00. The Debtor suggests that this rate should be limited to $200.00. The court agrees with the Debtor that the applicant, in this case, the Former Trustee, has the burden of demonstrating that the hourly rate is reasonable. However, the court is satisfied that $250.00 per hour is a "reasonable" rate for a chapter 7 trustee's services

based on the court's familiarity with rates charged by local trustees.[1]  The court finds this rate even more justifiable when viewed in light of the minimum amount of time spent on this case relative to its complications.

    The court will approve the Former Trustee's motion, with the fees reduced to eliminate post-conversion time.  Such approval is without prejudice to any arguments Lindell Slaughter may have with respect to these fees.  The Former Trustee shall submit a proposed order to the court and counsel consistent with this decision.

Dated:   June 8, 2005

                        */s/ Jane Dickson McKeag*
                        JANE DICKSON McKEAG
                        United States Bankruptcy Judge

---

[1] Recently these rates have ranged from $195 to $300.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re: ) Case No. 04-25642-B-13J
)
JEROME JACKSON, ) Docket Control No. ARP-1
)
) Date: June 7, 2005
Debtor(s). ) Time: 1:30 p.m.
) Department B

### Certificate of Service

I certify that on ___6-8-05___, a copy of the foregoing **document** was mailed to the following:

Jan Johnson
PO Box 1708
Sacramento, CA 95812

Peter Macaluso
910 Florin Rd #111
Sacramento, CA 95831-5259

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Amelia Ryan Pritchard
980 9th St., Ste. 1600
Sacramento, CA 95814

Mark Gorton
555 Capitol Mall 9th Fl
Sacramento, CA 95814

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
       Deputy Clerk